[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 04-15858 & 05-11789
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2005
THOMAS K. KAHN
CLERK

Agency No. A79-781-156

CHAO JIN CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,
U.S. DEPARTMENT OF JUSTICE,
Michael Chertoff,
SECRETARY OF THE DEPARTMENT
OF HOMELAND,
DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 19, 2005)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Chao Jin Chen petitions for review of the BIA's orders denying his motions to reconsider and to reopen the BIA's denial of his applications for relief from removal. Because Chen's removal proceedings commenced after April 1, 1997, this case is governed by the permanent provisions of the Immigration and Nationality Act ("INA"), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Gonzalez-Oropeza v. U. S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). Although Chen filed separate petitions, we now consolidate the petitions because they involve the same underlying applications for relief from removal.

I. Background

On January 18, 2002, the Immigration and Naturalization Service ("INS")[1] issued Chen a Notice to Appear. The Notice to Appear charged that Chen, a citizen and native of China, was present in the United States without being admitted or paroled, and was removable under INA § 212(a)(6)(A)(i); 8 U.S.C. § 1182(a)(6)(A)(i).

---

[1] On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107–296, 116 Stat. 2125. The HSA created a new Department of Homeland Security ("DHS"), abolished the INS, and transferred its functions to the new department. Because this case commended while the INS was in existence, this memorandum refers to the INS rather than the DHS.

Chen filed an application for relief from removal seeking asylum and withholding of removal. According to Chen, he and his family had been persecuted based on his parents' religious practice of Falun Gong and Chen feared arrest and torture should he return to China. In support of his claims, Chen submitted information on Falun Gong followers and the State Department's 2001 Report on China, which detailed treatment of Falun Gong practitioners and the government's imprisonment and torture of its followers.

Following a hearing, the Immigration Judge ("IJ") found Chen removable and not entitled to relief under asylum, voluntary departure, withholding of removal, or the Convention Against Torture.[2] The IJ determined that, although Chen's family's religious beliefs were illegal in China, there was no evidence of past persecution or that he faced torture and arrest if returned. The IJ found Chen's testimony to lack credibility, and he questioned the veracity of the Chinese documents Chen submitted in support of his claims. The IJ further found that Chen was not a "refugee" for purposes of the asylum statutes, and that relief under the Convention Against Torture was not warranted. The opinion issued March 27, 2003.

---

[2] 8 C.F.R. § 208.16(c).

Chen filed an appeal from the IJ's decision, asserting that he was entitled to asylum. On April 8, 2004, the BIA dismissed the appeal, concluding that Chen had failed to meet his burden of showing past persecution, or that he likely would face persecution and torture if returned to China. In August 2004, Chen moved the BIA to reconsider its dismissal. The BIA denied the motion to reconsider as untimely.

On December 3, 2004, Chen moved to reopen his appeal from the denial of asylum relief. In support of his motion, he submitted materials to corroborate his claim that he feared persecution if returned to China. The attachments included undated articles advising of the Falun Gong philosophy and the treatment and torture its followers received in China. Also attached was a copy of a New York Times article dated September 23, 2004, explaining anti-China protests in New York in connection with Falun Gong. Finally, Chen submitted the 2003 Report on Human Rights from the State Department.

The BIA denied the motion to reopen, finding it untimely. The BIA indicated that the IJ's decision dated April 8, 2004, was a final order, and, therefore, the motion to reopen had to be filed within ninety days of that date. The BIA further found that Chen had not submitted sufficient evidence of changed conditions in China to justify an extension of that ninety-day period. Finally, the BIA determined that the motion failed even if it was timely because the evidence

4

submitted was not specific to Chen and did not materially enhance his claim. Chen filed petitions for review of the BIA's orders denying his motions for reconsideration and to reopen his application.

II. Review[3]

We review the BIA's denials of a motion for reconsideration and a motion to reopen for abuse of discretion. Abdi v. U.S. Att'y Gen., No. 04-16447, slip op. at 449 (11th Cir. Nov. 15, 2005); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.2 (11th Cir. 2005); Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003), cert. denied, 125 S.Ct. 138 (2004). Motions to reconsider are disfavored in removal proceedings. I.N.S. v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (discussing motions to reopen and explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States").

A. Motion for Reconsideration

---

[3] In an order dated December 2, 2004, this court sua sponte dismissed Chen's petition for review of the BIA's April 2004 order for lack of jurisdiction because the petition for review was untimely as to that order. See also Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). Thus, the only issues before us on appeal are the denial of the motions for reconsideration and to reopen.

5

On appeal, Chen argues that the BIA abused its discretion because it did not consider the complete record in concluding that he was not entitled to relief, but based its decision solely on the fact that the motion was untimely. Although he acknowledges that his motion was untimely and that motions to reconsider are disfavored, he asserts that the BIA should have sua sponte considered his claims because of the torture he faced if he was returned to China.

Under 8 C.F.R. § 1003.2, a motion to reconsider a BIA decision must be filed within thirty days of the decision, and must "state the reasons for the motion by specifying the errors of fact or law in the prior Board decision . . . supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1), (2). Additionally, "[t]he Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). However, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

Here, the BIA did not abuse its discretion by denying the motion for reconsideration. Chen filed his motion to reconsider in August 2004, more than thirty days after the BIA issued the order denying relief. "Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system." Mejia Rodriguez v. Reno, 178

6

F.3d 1139, 1145 (11th Cir. 1999) (citation omitted).  As Chen admits that his motion was untimely, the BIA did not abuse its discretion by denying the motion to reconsider.

Chen nevertheless contends that the BIA should have exercised its discretion under § 1003.2(a) to reconsider his claims because his claims were meritorious.  Under the regulations, however, the BIA has broad discretion to reconsider claims on its own motion and the BIA's exercise of this discretion is not subject to judicial review.  See Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999); see also 8 C.F.R. § 1003.2(a).  As this court has noted, this discretion "is so wide that 'even if the party moving has made out a prima facie case for relief,' the BIA can deny a motion to reopen a deportation order."  Anin, 188 F.3d at 1279.

B. Motion to Reopen

Chen also argues that the BIA abused its discretion by denying the motion to reopen because he submitted evidence that was material and unavailable earlier in the proceedings, and that these changed circumstances warranted review.  He also suggests that the ninety-day period in which he could have filed the motion should begin to run on the date the BIA issued its final order - i.e., the denial of the motion for reconsideration - rather than the date of the IJ's decision.   He further contends

7

that the BIA had the authority to reopen his case, and this court may review the

BIA's <u>sua sponte</u> decision not to reopen if exceptional circumstances exist.

The regulations provide that a motion to reopen "shall not be granted unless

it appears to the Board that evidence sought to be offered is material and was not

available and could not have been discovered or presented at the former hearing."

8 C.F.R. § 1003.2(c)(1). The motion must be filed within ninety days after the

date on which the final administrative decision was rendered in the proceeding

sought to be reopened. <u>Id.</u> § 1003.2(c)(2). This limitations period does not apply

if there are changed circumstances in the country to which the alien will be

deported if "such evidence is material and was not available and could not have

been discovered or presented at the previous hearing." <u>Id.</u> § 1003.2(c)(3)(ii).

As an initial matter, the IJ's decision was the final order triggering the

limitations period once the BIA dismissed Chen's appeal  8 C.F.R. § 1241.1(a).

Chen's motion for reconsideration did not toll the limitations period or change the

date upon which there was a final order. <u>Stone v. INS</u>, 514 U.S. 386, 393-94, 115

S.Ct. 1537, 1543-46, 131 L.Ed.2d 465(1995). Therefore, Chen's motion to reopen,

filed more than ninety days after the IJ's decision, was untimely.

Additionally, Chen has not shown exceptional circumstances based on

changed conditions that would warrant reopening. Notably, the IJ had the 2001

State Department Report as evidence at the time it rendered its decision. Thus, the 2003 Report Chen submitted with his motion to reopen was not exactly new evidence. Moreover, the report issued in February 2004, but Chen did not file his motion until December of that year. Thus, the information was available before the BIA affirmed the IJ's decision and before Chen filed his motion for reconsideration. Nevertheless, Chen did not raise the issue of changed circumstances until his motion to reopen in December. Additionally, as Chen was not a Falun Gong follower, the information was not specific to him. Accordingly, Chen has not established changed circumstances that would excuse his untimely motion to reopen.

III. Conclusion

Because this court should not address the BIA's decision not to exercise its discretionary authority, and the BIA did not abuse its discretion by denying Chen's untimely motions to reconsider or to reopen, we DENY the petitions for review.

9